967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvester THOMAS, Defendant-Appellant.
 No. 91-50534.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sylvester Thomas appeals his conviction for use of a dangerous weapon during a bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Thomas pled guilty to seven unarmed bank robberies, and was convicted, following a bench trial, of using a gun during one of the robberies.[1] Thomas contends for the first time on appeal that the evidence was insufficient to support his conviction on the gun charge. We have jurisdiction under 28 U.S.C. § 1291 and, we affirm.
 
 
 3
 Generally, we review the sufficiency of evidence to determine " 'whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant[ ] guilty beyond a reasonable doubt of each essential element of the crime charged.' " United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989) (quoting United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986)). We are limited, however, to the plain error standard of review where the appellant fails to make a motion for judgment of acquittal at the close of his case. United States v. Escamilla, No. 91-10080, slip op. 5983, 5989 (9th Cir. May 26, 1992). "Plain error is invoked to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." Id. It is unclear in this circuit whether a defendant's plea of not guilty at a bench trial, absent a motion for judgment of acquittal, preserves full appellate review. See United States v. Pulido-Santoyo, 580 F.2d 352, 355 (9th Cir.), cert. denied, 439 U.S. 915 (1978). It is not necessary to resolve this issue on the present appeal, however, because the result would be the same under either standard. See United States v. Streit, No. 90-10509, slip op. 5701, 5706 (9th Cir. May 19, 1992) (declining to resolve proper standard of review for proposed jury instructions where the result would be the same under either standard); Pulido-Santoyo, 580 F.2d at 355-56.
 
 
 4
 To prove a violation of section 2113(d), the government must prove that Thomas "assault[ed] ... or put[ ] in the jeopardy the life of any person by the use of a dangerous weapon or device ... [during a bank robbery]." See 18 U.S.C. § 2113(d). "The instrumentality does not have to be a firearm." United States v. Martinez-Jimenez, 864 F.2d 664, 666 (9th Cir.), cert. denied, 489 U.S. 1099 (1989).
 
 
 5
 Here, Thomas robbed the First Interstate Bank ("Interstate"), Los Angeles, California, on April 22, 1991, and the Union Bank ("Union"), Bellflower, California, two weeks later. Interstate Teller Mary Laursen testified that Thomas approached her window and demanded "all the money." She immediately recognized Thomas from a flier which indicated that he previously had robbed Interstate. Laursen got very nervous and froze. Thomas then lifted up his shirt and stated "[g]ive me the money. I'm going to blow your brains out." Laursen saw what appeared to be a black gun handle in Thomas' waistband.
 
 
 6
 Following the Union bank robbery, on May 7, 1991, Los Angeles County Sheriff Kevin Hannigan testified that he pursued a getaway vehicle containing Thomas and two accomplices. Hannigan stopped the vehicle and found a loaded .45 caliber semiautomatic handgun in the trunk.
 
 
 7
 At trial, Thomas attempted to show that he did not have a gun when he robbed Interstate. The government introduced evidence of the handgun seized by Sheriff Hannigan following the Union robbery, because it looked similar to the gun handle described by Interstate Teller Laursen. She testified that the gun handle looked similar to the gun handle which she saw during the robbery. The government did not argue that the seized firearm was the same gun used in the Interstate robbery.
 
 
 8
 In light of this evidence, we hold that a rational trier of fact could have found that Thomas used a dangerous weapon to commit the Interstate robbery. See Martinez-Jimenez, 864 F.2d at 668 ("[bank] robber's use of a replica or simulated weapon that appears to be a genuine weapon to those present at the scene of the crime ... carries the same penalty as the use of a genuine weapon" under section 2113(d)).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thomas may request that the district court correct the judgment and probation/commitment order which erroneously states a finding of guilt under sections 2113(a) and (d) for count one. See Fed.R.Crim.P. 36